United States District Court
Southern District of Texas
FILED

MAR 15 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE LUCAS ARTEAGA-RODRIGUEZ
      Petitioner

v.                           Civ. No. MISCELLANEOUS B-04-007

UNITED STATES OF AMERICA
      Respondent

MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO
28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Jose Lucas Arteaga-Rodriguez, Petitioner, acting in propia persona, and respectfully files his Memorandum of Law in Support of Motion pursuant to 28 U.S.C. § 2255, for this Court consideration.

## JURISDICTION

This Honorable Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 2255.

## STATEMENT OF THE CASE

On January 29, 2002, a three-count indictment charged Jose Lucas Arteaga-Rodriguez (hereinafter "Rodriguez"), with conspiracy to possess with intent to distribute and possession with intent to distribute a quantity, more than 1000 kilograms, that is approximately 3,652 Kilograms of marijuana, a schedule I controlled substance in violation of 21 U.S.C. § 846, 841(a)(1), 841(b)(1)(B) as well as using and carrying a firearm in violation of 21 U.S.C. § 924(c).

On April 4, 2002, Rodriguez appeared before the Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, Brownsville Division, and entered a plea of guilty to counts two and three as contained in the indictment.

On July 2, 2002, the Honorable Hilda G. Tagle, accepted Rodruguez's guilty plea, adopted the PSR findings, and sentenced Rodriguez to serve 120 months in custody of the Bureau of Prisons on count two and 60 months on count three, to be served consecutively, followed by five years supervised release. The court imposed a $100.00 special assessment on each count, but no fine. Rodriguez timely filed a notice of appeal. The Fifth Circuit Court of Appeals affirmed Rodriguez's sentence and conviction.

### STATEMENT OF THE FACTS

On January 17, 2002, U.S. Coast Guard Patrol observed the shrimp boat "HW Jr." aground on a sandbar in the Brownsville ship channel in Brownsville, Texas. Coast Guard officials boarded the boat and discovered approximately 3,652 kilograms of marihuana in the fish hold of the boat.

Customs agents initiated a search for the crew of the abandoned ship and three individuals, including Rodriguez were encountered nearby and were questioned, where it was learned by the agents that the three were the crew of the ship in question. All three individuals were arrested and Rodriguez was found to possess a loaded rifle magazine and a MAK-90 semi-automatic rifle was located nearby from where the men were encountered.

## "PRO-SE" TITLE 28 U.S.C. § 2255 FILING A LESS STRINGENT STANDARD

Rodriguez respectfully requests this Honorable Court to hold his "pro-se" motion, herein prepared and filed pursuant to Title 28, United States Code, Section 2255, to a less stringent standard than formal pleadings drafted by practicing attorneys as held by the Supreme Court of the United States. Further, Rodriguez asserts that this complaint should not be dismissed for failure to state a claim, unless it appears beyond doubt that Rodriguez can prove no set of facts in support of his claim which would entitle him to relief. **Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972).**

Likewise in a § 2255 proceeding, the District Court must accord a Petitioner with an evidentiary hearing "unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." If the records are inadequate to show conclusively that the prisoner's contentions are without merit, the District Court must conduct a hearing. **Anderson v. United States, 948 F.2d 704 (11th Cir. 1991).**

Rodriguez asserts that, it has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. **United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805, 811 (1979).** In determining whether a claim or error is cognizable under § 2255, a distinction is drawn between constitutional errors on the one hand, and mere errors of law on the other. See **Grimes v. United States, 607 F.2d 6, 10-11 (2d Cir. 1979).**

3

Moreover, a petitioning "Pro-Se" prisoner whose claim is based on "a significant denial of a constitutional right" or "an error of significant constitutional dimension," may invoke protections embodied in § 2255 "even though he could have raised the point on appeal and there was no sufficient reason for not doing so." See **United States v. Coke, 404 F.2d 836, 846-47 (2d Cir. 1968) (en banc)**.

Consequently, a defendant generally bears the risk of attorneys' errors which result in procedural default. Such errors cannot be attributed to the defendant when counsel's performance is constitutionally ineffective. **Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645**. But, where a trial, sentencing, or appellate counsel is constitutionally ineffective, and his or her deficient performance results in actual prejudice to the defendant, the exceptional circumstances for the § 2255 remedy is apparent. **Reed v. Ross, 468 U.S. 1, 9, 104 S.Ct. 2901, 2906, 82 L.Ed.2d (1984)**.

Further, relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights, claims, or errors and will not bar habeas relief under § 2255, absent a deliberate choice not to appeal made by conscious election. **Kaufman v. United States, 394 U.S. 217, 220, n.3 (1969); Buckelew v. United States, 575 F.2d 515, 519 (5th Cir. 1978)**.

**ISSUE I.   INEFFECTIVE ASSISTANCE OF COUNSEL**

The United States Supreme Court in **Gideon v. Wainwright,** 372 U.S. 335, 339, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), recognized that the source of the right of effective assistance of counsel was the specific Sixth Amendment guarantee of the right to assistance of counsel, made obligatory upon the states by the due process clause of the Fourteenth Amendment. **Argersinger v. Hamlin,** 407 U.S. 25, 34, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

In **Strickland v. Washington,** 466 U.S. 668, 678, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-part test to determine when the Constitution requires a criminal judgment be overturned because of ineffective assistance of counsel:  (1) deficiency of trial counsel's performance; and (2) a showing that the deficient performance prejudiced the defense.

To meet the prejudice prong of the **Strickland,** test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland,** 466 U.S. at 694, 104 S.Ct. at 2064.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Id.**  The reviewing court "must consider the totality of the evidence before the judge or jury." **Id.** at 695, 104 S.Ct. at 2069.

The ineffective assistance of counsel must clearly establish both prejudice and deficient performance in order to be raised successfully. It is not enough for a defense to be admittedly shoddy; that shodiness must directly impact upon a defendant's final outcome. **Lockhart v. Frewtwell**, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1993); **Strickland v. Washington**, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

The above has been and remains the accepted standard of review for determining whether defendant's counsel has fulfilled his constitutionally mandated mission, or whether his inadequacies are beyond the pale of accepted behavior and cry for reversal.

The Sixth Amendment right to counsel means far more than the mere presence of a warm body. Counsel must play a role necessary to insure that the proceedings at hand are fair, especially at those stages of the legal process that have been termed "critical." A critical juncture is one which substantially affects the right of the defendant. **Mempa v. Ray**, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1969), and where the lack of effective representation could be deemed by reasonable jurists to be highly prejudicial. Recognized critical stages can include the entire gamut of the legal process from the day of arrest through sentencing and beyond, and need not be broad and interwoven but simply an isolated error if the particular error is sufficiently egregious and prejudicial. **Murray v. Carrier**, 477 U.S. 478, 496 (1986). It is a client's right to expect that his "lawyer will use every skill and expend every energy, and tap every

legitimate resource in the exercise of independent professional judgment on behalf of his client and in undertaking representation on the client's behalf." **Frazier v. United States, 18 F.3d 778, 785 (9th Cir. 1994); Woodward v. Collins, 989 F.2d 1027, 1028 (5th Cir. 1990).**

That then counsel Rene DeCoss (hereinafter "Mr. DeCoss") did not discharge his duty in accordance with the requirements of the Sixth Amendment and in doing so was deficient in performance is oxymoronic en extremis. There was no "performance" by counsel DeCoss in the instant offense, rather, should be termed "a performance," that is, an orchestrated attempt to obfuscate and conceal his own deficiencies; deficiencies concerning lines of inquiry never explored, and issues of great importance to his client swept aside.

A more retrospective adumbration of issues at sentencing in response to a Presentence Investigation Report ("PSI") is not a strategic and coherent defense. By the time of sentencing, foundational and substantive issues have already been decided. Sentencing is, in fact, a time for meting out punishment and for final clarifications that relate to it. It is not a willy nilly attempt to conceal gross negligence and inadequacies obvious to the most modest of jurists by registering objections to a PSI solely for the purpose of making a record to protect his own interests against his own failings at a later date.

While it is the true purpose of an ineffective assistance of counsel argument, especially when applied to a pro-se defendant in the light of

liberal constuence to seek an in-depth review of the record for fundamental grossness, unfairness and prejudice rather than to expound upon each individual inequity, it is worthwhile here as an indicator, to reframe briefly the more egregious malfeasance of counselor DeCoss.

Mr. DeCoss has failed to mail Rodriguez copies of the legal documents he has requested, i.e., copies of his PSI, discovery, court transcripts, etc. His actions are prejudicial to Rodriguez because he will not be able to prepare and file a better motion pursuant to 28 U.S.C. § 2255. He will not be able to make reference to specific events that could be found in the court transcripts and/or discovery.

Mr. DeCoss failed to investigate and research current case law. In fact, Mr. DeCoss gave erroneous advice to Rodriguez to induce him to plead guilty. He told Rodriguez that the most he would get, if he plead guilty would be 120 months, to include the firearm charges. His erroneous advice cost Rodriguez with an additional 60 months on his sentence.

Mr. DeCoss did not investigate the case further. He did not requested that fingerprints were lifted from the illegal drugs found in the ship. This was prejudicial to Rodriguez because, at all times, he told his attorney that he was not involved, nor was a tripulant of the ship where drugs were found.

Mr. DeCoss also failed to investigate Rodriguez's allegation of his violation of the Vierna Convention. Rodriguez asserts that he was

not informed, by law enforcement officials of his right to Consular access.

Requisite prejudice regarding the above is plain. At any point along a given continuum, Rodriguez could have received significantly less time, than the 180 months, total, meted out to him. His counsel's seeming lack of preparation and professionalism, cost his client with at least 60 extra months. Is that not prejudice? It is everything preceding and up to the direct appeal that is in question here. Mr. DeCoss inability to defend his client adequately and within the scope of the Sixth Amendment and well settled law is woven indelibly throughout the fabric of this proceeding. Mr. DeCoss's actions bespeak gross ineffectiveness, ineffectiveness which in the most fundamental sense betrayed and prejudiced his client.

**ISSUE II.  ARTEAGA-RODRIGUEZ IS ENTITLED TO AN EVIDENTIARY HEARING**

Arteaga-Rodriguez contends that because of the nature of his claim in the present motion, he should be granted an evidentiary hearing to further prove his claims.  Section 2255 provides that a petitioner is entitled to an evidentiary hearing on his motion unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.  Rule 4(b) of the rules governing Section 2255 proceedings in the United States District Court provides that a hearing need not be held if it plainly appears from the face of the motion that Arteaga-Rodriguez is entitled to no relief.  "Thus, a petition can be dismissed without a hearing if the Petitioner's allegations, accepted as true, would not entitle the Petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusion, rather than statements of fact."  **Dzivrot v. Luthor, 897 F.2d 1222, 1225 (1st Cir. 1990).**  However, the Fifth Circuit has indicated that the Petitioner need only show an "independent indicia of the likely merit of his contentions."  **Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir. 1988),**

In the present case, if the Court takes Arteaga-Rodriguez's claims as true, as it must for the determination, it is apparent that he has stated claims for which relief would be granted,  Further, Arteaga-Rodriguez has shown, through statutes and caselaw, that there is merit to all of his contentions.

Therefore, to ensure that the fundamental tenants of due process are comported within this case, an evidentiary hearing should be held to determine the facts surrounding the issues raised by Arteaga-Rodriguez.