IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent | § | |
| vs. | § | Misc. No. B-04-007 |
| | § | |
| JOSE LUCAS ARTEAGA- | § | (Cr. No. B-02-059) |
| RODRIGUEZ, | § | |
| Petitioner | § | |

## UNITED STATES' ANSWER TO JOSE LUCAS ARTEAGA-RODRGRIGUEZ'S MOTION UNDER 28 U.S.C. § 2255

The United States answers the motion filed under 28 U.S.C. § 2255 by Jose Lucas Arteaga-Rodriguez ("Arteaga-Rodriguez") as follows. The United States moves to dismiss Arteaga-Rodriguez's motion or, in the alternative, moves for summary judgment because the vague and conclusory allegations in Arteaga-Rodriguez's motion do not cast any doubt on the validity of Arteaga-Rodriguez's guilty plea. In addition, the United States denies each and every allegation of fact made by Arteaga-Rodriguez, except those supported by the record and those specifically admitted in this answer, and demands proof thereof.

## I. JURISDICTION

Arteaga-Rodriguez challenges the conviction entered against him after he pleaded guilty to one count of possession with the intent to distribute more than 1,000

1

kilograms of marijuana and one count of possession of a firearm in furtherance of a drug trafficking crime. The judgment of conviction and sentence was entered on July 17, 2002 (DOC 78). On July 21, 2003, the Court of Appeals entered a judgment dismissing Arteaga-Rodriguez's direct appeal as frivolous (DOC 105).

On March 15, 2004, Arteaga-Rodriguez filed his motion for relief under 28 U.S.C. § 2255 (DOC 107). The motion is timely filed and this court is vested with jurisdiction under 28 U.S.C. § 2255.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 2002, a U.S. Coast Guard patrol observed the shrimp boat "HW Jr." aground on a sandbar in the Brownsville ship channel. Coast Guard officials boarded the boat and discovered approximately 3,652 kilograms of marijuana in the boat's fish hold.

Customs agents began a search for the crew of the abandoned ship. They located three individuals nearby, including Arteaga-Rodriguez. The agents found Arteaga-Rodriguez in possession of a loaded rifle magazine and found a MAK-90 semi-automatic rifle near where Arteaga-Rodriguez was found. Questioning of Arteaga-Rodriguez and the other two individuals revealed that they were the crew of the "HW Jr."

A three-count indictment charged Arteaga-Rodriguez with conspiracy to

2

possess with the intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession with the intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (DOC 1). Arteaga-Rodriguez entered into a plea agreement in which he would plead guilty to the possession with intent to distribute and possession of a firearm counts, and the government would dismiss the conspiracy count. In the plea agreement, Arteaga-Rodriguez agreed to waive his right to challenge his conviction or sentence on appeal (DOC 46). On April 4, 2002, Arteaga-Rodriguez entered his guilty pleas before the Honorable Hilda G. Tagle (DOC 45).

On July 2, 2002, Judge Tagle adopted the PSR findings and sentenced Arteaga-Rodriguez within the Guidelines range to 120 months for the possession with the intent to distribute more than 1,000 kg or marijuana count and 60 months for the possession of a firearm in furtherance of a drug trafficking crime count (DOC 69). Judge Tagle ordered that the sentences run consecutively, as 18 U.S.C. § 924(c) requires. *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime . . .").

3

Despite Arteaga-Rodriguez's waiver in his plea agreement of the right to appeal his conviction, Arteaga-Rodriguez filed a notice of appeal (DOC 75). Arteaga-Rodriguez argued that his guilty plea resulted from his trial counsel's coercion and argued that the district court improperly ordered that the 5-year sentence for the 924(c) conviction run consecutively. Arteaga-Rodriguez's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no non-frivolous issues to appeal. On the sentencing issue, Arteaga-Rodriguez's counsel explained that the "law is clear" that 18 "U.S.C. § 924(c) mandates a 5-year imprisonment sentence to run consecutive to the sentence imposed in the underlying offense." Arteaga-Rodriguez's trial counsel also filed a motion to withdraw based on the lack of any nonfrivolous issues for appeal.

On July 21, 2003, the Court of Appeals dismissed Arteaga-Rodriguez's appeal on the ground that its "independent review of the brief and the record disclosed no nonfrivolous issue in this direct appeal" (DOC 106). The Court of Appeals also granted the motion of Arteaga-Rodriguez's trial counsel to withdraw (DOC 105).

On March 15, 2004, Arteaga-Rodriguez filed a motion to vacate pursuant to 28 U.S.C. § 2255 (DOC 107). His motion argues that he received ineffective assistance of counsel, alleging that (1) his trial counsel has failed to mail him copies of the case file that would assist in litigating his section 2255 motion, (2) that his trial counsel

4

induced him to plead guilty by advising him he would only serve 120 months for both counts, and (3) that his trial counsel did not adequately investigate the case, such as requesting that fingerprints be lifted from the drugs (DOC 108). On March 28, 2005, this Court ordered the United States to file a response by May 31, 2005 (DOC 121). On April 18, 2005, this Court denied Arteaga-Rodriguez's motion to appoint him legal representation in this proceeding (DOC 123).

### III.   Standard of Review

A.  Standard of Review for Section 2255 Motions

To prevail on a motion to vacate sentence under 28 U.S.C. § 2255, the movant must allege and demonstrate one of four grounds: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995)(citations omitted). Once an appeal of a conviction is exhausted or, if the right to appeal was waived, courts are "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1594 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)).

A district court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985)). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *See James v. Cain*, 56 F.3d at 666 (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13, 96 S.Ct. 2253, 2257 n.13, 49 L.Ed.2d 108 (1976)). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *James v. Cain*, 56 F.3d at 666 (citing *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992)). If the record shows the defendant "understood the charge and its consequences," the Fifth Circuit will uphold a guilty plea as voluntary even if the district court failed to explain the offense. *James v. Cain*, 56 F.3d at 666 (citing *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987)).

B.  Standard of Review for Ineffective Assistance of Counsel Claims

Because all of the claims Arteaga-Rodriguez raises in his section 2255 petition

6

allege ineffective assistance of counsel, he must prove both (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficiency.  *See Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65 (1984); *United States v. Walker*, 68 F. 3d 931, 934 (5th Cir. 1995); *see also Glover v. United States*, 531 U.S. at 198, 202-04, 121 S.Ct. 696, 700-01(2001)(discussing factors to consider in evaluating claim of demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively unreasonable.  *See Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064-65; *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000); *United States v. Walker*, 68 F. 3d at 934. Constitutionally effective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight.  The determination of whether counsel has rendered reasonably effective assistance turns in each case on the totality of facts in the entire record.  Thus each case must be judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defenses.  *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983).

Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *accord Glover*, 531 U.S.

7

at 204, 121 S.Ct. at 701 (citing cases). Significantly, the petitioner making the claim of ineffective assistance must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgement. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *United States v. Woods*, 870 F. 2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 842 (1993) ("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n.18 (5th Cir. 1987). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064-65; *see also Carter v. Johnson*, 131 F.2d 452, 463 (5th Cir. 1997).

To demonstrate sufficient prejudice in the context of his guilty plea, Arteaga-

Rodriguez must show that there is a reasonable probability that, except for his attorney's errors, he would not have pleaded guilty but would have insisted on going to trial. *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991) (citing *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) and *Hill v. Lockhart* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)), *cert. denied*, 510 U.S. 845, 114 S.Ct. 135, 126 L.Ed.2d 98 (1993). Stated somewhat differently, "(t)he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003) (citing *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Although a guilty plea may be invalid if induced by defense counsel's unkept promises, *see United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989), a defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *Id*. (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Cervantes*, 132 F.3d at 1110 (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977)).

IV.   Arteaga-Rodriguez Has Not Shown Attorney Error or Prejudice Sufficient to
Undo His Guilty Plea.

   A.   The Motion Does Not State A Claim Based on Counsel's Alleged
        Failure To Forward Copies of the Case File.

Arteaga-Rodriguez contends that his trial counsel has "failed to mail Rodriguez
copies of the legal documents he has requested, i.e., copies of his PSI, discovery,
court transcripts, etc." which he contends are prejudicial because "he will not be able
to prepare and file a better motion pursuant to 28 U.S.C. § 2255."  Motion at 8.
Arteaga-Rodriguez does not offer any details about how or when he requested this
information from his trial counsel or about any alternative efforts he made to obtain
the information such as requesting copies of the pleadings from the district court.  But
even if Arteaga-Rodriguez could allege specific facts to support this allegation, his
claim should be dismissed for at least two reasons.  First, because Arteaga-Rodriguez
has no constitutional right to counsel at the postconviction stage (and the Fifth Circuit
granted the motion of Arteaga-Rodriguez's counsel to withdraw from this case after
dismissing the direct appeal), he cannot bring a claim for ineffective assistance of
counsel based on the alleged conduct of withdrawn counsel at the postconviction
stage.  Second, because this alleged misconduct did not occur until the postconviction
stage of Arteaga-Rodriguez's case, it is inconceivable that it could have rendered
Arteaga-Rodriguez's guilty plea unknowing or involuntary.

This claim should  be dismissed under the effectiveness prong because Arteaga-Rodriguez has no right to counsel at the postconviction stage.  The "Supreme Court has held . . . that the constitutional right to counsel extends only through the defendant's first appeal."  *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 755-57, 111 S. Ct. 2546, 2567-68, 115 L.Ed.2d 640 (1991)).  Indeed, in denying his motion to have counsel appointed (*see* DOC 123), this Court has already recognized that Arteaga-Rodriguez has no right to counsel in this proceeding.  Because "[t]here is no constitutional right to an attorney in [] post-conviction proceedings, . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."[1]  *Coleman v. Thompson*, 501 U.S. at 752, 111 S. Ct. at 2566, 115 L. Ed. 2d at 640.  Accordingly, Arteaga-Rodriguez's ineffective assistance claim based on counsel's alleged deficiencies during the preparation of his section 2255 motion must be dismissed.

Even if he did have the right to counsel in postconviction proceedings, Arteaga-Rodriguez cannot establish prejudice.  The motion claims that the alleged failure of Arteaga-Rodriguez's trial counsel to send him copies of filings in his case

---

[1]Furthermore, because the Fifth Circuit granted the motion of Arteaga-Rodriguez's trial counsel to withdraw, Arteaga-Rodriguez cannot state a claim based on that counsel's alleged deficiencies occurring after the withdrawal.

is prejudicial because it hinders his ability to bring his section 2255 motion. But because he pleaded guilty, the prejudicial effect that Arteaga-Rodriguez must show relates to his decision to plead guilty; he must prove that there is a reasonable probability that, except for his attorney's errors, he would not have pleaded guilty but would have insisted on going to trial. *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991) (citing *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) and *Hill v. Lockhart* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)), *cert. denied*, 510 U.S. 845, 114 S.Ct. 135, 126 L.Ed.2d 98 (1993). That he cannot do. It is simply impossible that conduct of Arteaga-Rodriguez's trial counsel occurring after his guilty plea, and even after his direct appeal, could have affected his decision in 2002 to plead guilty. While Arteaga-Rodriguez may argue that access to his file might lead to discovery of errors he is not aware of, he does know the factors, including any advice from counsel, that led him to plead guilty. Accordingly, this claim should be dismissed for the additional reason that Arteaga-Rodriguez cannot establish the prejudice prong of the *Strickland* test.

           B.     The Motion Does Not State a Claim Based on Allegations of an Inaccurate Sentence Estimate Must Be Dismissed.

Arteaga-Rodriguez also claims he is entitled to have his guilty plea vacated because of his unverified allegation that his counsel told him "that the most he would

get, if he pled guilty[,] would be 120 months." Motion at 8. This claim fails under both prongs of the *Strickland* analysis. First, a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

Second, even if an underestimation of the sentence could satisfy the first prong, Arteaga-Rodriguez cannot show prejudice because he plead guilty having been fully informed by Judge Tagle of possible maximum sentences for the crimes to which he pled that far exceeded the sentences he received. Judge Tagle informed Arteaga-Rodriguez at his plea colloquy of the sentences he faced for the two crimes to which he was pleading (DOC 45). He faced a maximum of 40 years on the possession with the intent to distribute 1,000 kilograms or more of marijuana count, *see* 21 U.S.C. § 841(b)(1)(B), and a sentence of not less than five years on the possession of a firearm in furtherance of a drug trafficking crime count, *see* 18 U.S.C. § 924(c). Thus, Arteaga-Rodriguez pleaded guilty knowing he could be imprisoned for more than forty years. His actual sentence was for ten years on the drug charge and five years on the firearm charge, for a total of fifteen years. Thus, the sentence he received for both counts was far less than the forty year sentence Judge Tagle informed him he could receive for the drug charge alone. Given that he plead guilty with full

knowledge of these possible sentences that far exceeded the sentence he received, Arteaga-Rodriguez cannot show that he would have gone to trial instead of pleading had his counsel estimated a different sentence. *See United States v. Tealer*, 2002 WL 31415154, at *2 (5th Cir.) ("Furthermore, even if Tealer's attorney had misadvised her regarding her likely sentence, that is not the kind of mistake that can vitiate a guilty plea."); *United States v. Garcia,* 983 F.2d 625, 629 (5th Cir.1993) (contention that defense counsel misinformed defendant about likely sentence is not sufficient to set aside guilty plea when the trial court properly advised the defendant regarding the possible maximum sentence); *United States v. Bridgeman*, 229 F.3d 589, 592 (7th Cir. 2000) ("Bridgeman was aware of the consequences of his guilty plea despite counsel's alleged prediction; thus, his attorney's representation did not render his plea unwitting or involuntary."); *Gordon*, 4 F.3d at 1571 ("Given the fact that Defendant pleaded guilty even after being so informed by the court, his mere allegation that, but for original counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice."); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (holding that attorney sentence miscalculation does not result in prejudice where court had explained that it retained discretion as to what sentence would be), *cert. denied*, 499 U.S. 940, 111 S. Ct. 1398, 113 L.Ed 2d 454 (1991). This well established case law

14

rejecting attempts to undo guilty pleas based on allegations that trial counsel did not correctly predict the possible sentence requires dismissal of Arteaga-Rodriguez's claim.

        C.      The Motion Does Not State a Claim Based on Allegations of Insufficient Investigation Must Be Dismissed.

Arteaga-Rodriguez's final claim alleges that his trial counsel "did not investigate the case further" by requesting that fingerprints be lifted from the marijuana found on the boat or by investigating Rodriguez's allegation "that he was not informed by law enforcement officials of his right to consular access" under the Vienna Convention." Motion at 8-9. Arteaga-Rodriguez does not indicate whether he ever requested that his attorney undertake this investigation even though he was admitting to two of the counts alleged against him by pleading guilty. In any event, the Supreme Court has explained that "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill v. Lockhart*, 474 U.S. 52, 60, 106 S. Ct. 366, 370, 88 L.

Ed. 2d 203(1985).   Because Arteaga-Rodriguez cannot show that either the fingerprint or consular access issue would have likely changed the result of trial and thus resulted in him proceeding to trial rather than pleading guilty, he cannot establish ineffective assistance under *Strickland.*

A strong case of constructive possession existed against Arteaga-Rodriguez on the marijuana charge.   He was part of a three member crew of a shrimp boat containing 3,652 kilograms of marijuana.   Because constructive possession is sufficient for conviction on the possession with the intent to distribute marijuana count, evidence indicating that Arteaga-Rodriguez's fingerprints were not on the marijuana would not have been strong exculpatory evidence.  *United States v. Steen*, 55 F.3d 1031, 1032 (5th Cir. 1995)(discussing constructive possession in drug cases).

With respect to the consular access issue, Arteaga-Rodriguez has not satisfied his "burden of proof and persuasion" to show that he would have insisted on going to trial rather than pleading guilty had his counsel investigated the Vienna Convention issue.  *Czere v. Butler*, 833 F2d 58, 63 (5th Cir. 1987).  There is no suppression remedy for violations of the Vienna Convention, *see United Stats v. Jimenez-Nava*, 243 F.3d 192 (5th Cir. 2001), so it is difficult to see how this issue could have affected the outcome of trial.  Arteaga-Rodriguez does not even allege that, let alone explain how, exercise of his consular access rights would have led him

16

to proceed to trial.  Because there is no such allegation, and even if made such allegation would face  the "formidable barrier" that Arteaga-Rodriguez declared under oath before Judge Tagle at the plea colloquy that he was knowingly and voluntarily pleading guilty (*see Cervantes*, 132 F.3d at 1110), the court should dismiss this claim for failure to satisfy the prejudice prong.

_____

_____

<u>CONCLUSION</u>

Arteaga-Rodriguez's section 2255 motion should be dismissed or summarily denied because his ineffective assistance of counsel claims do not establish either that his counsel acted deficiently or that Arteaga-Rodriguez would have proceeded to trial rather than plead guilty had his counsel acted differently.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney


By:    _____
GREGG COSTA
Assistant United States Attorney
Attorney for respondent
P.O. Box 61129
Houston, Texas 77208
State bar No. 24028160
(713) 567-9345

18

## CERTIFICATE OF SERVICE

I, Gregg Costa, do hereby certify that a copy of the foregoing United States'

Answer to Jose Lucas Arteaga-Rodriguez's Motion Under 28 U.S.C. § 2255 has been

mailed on this the 31 day of May 2005, via certified mail, return receipt requested to

> Jose Lucas Arteaga-Rodriguez
> 11782-179 M-A
> Federal Correctional Institution
> P.O. Box 9000
> Forrest City, AR 72336-9000

Gregg Costa
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


UNITED STATES OF AMERICA,        §
           Respondent        §
    vs.        §        Misc. No. B-04-007
                §
JOSE LUCAS ARTEAGA-        §        (Cr. No. B-02-059)
RODRIGUEZ,        §
           Petitioner        §


_____ ORDER

It is hereby ORDERED that the government's motion to dismiss Jose Lucas

Arteaga-Rodriguez's Motion Pursuant to 28 U.S.C. § 2255 is GRANTED.

SIGNED this _____ day of _____ 2005.



_____
UNITED STATES MAGISTRATE JUDGE