OPINION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE LUCAS ARTEAGA-RODRIGUEZ, § | |
| Petitioner, § | |
| § | MISC. NO. B-04-007 |
| VS. § | (CR. NO. B-02-059) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Jose Lucas Arteaga-Rodriguez's (hereinafter "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. No. 1). The Government has submitted a Response and Motion to Dismiss which will also herein be considered. (Doc. No. 12). For the reasons explained below, Petitioner's request for relief should be DENIED, and the Government's motions should be GRANTED.

### BACKGROUND

On January 17, 2002, a United States Coast Guard Patrol observed the shrimp boat "HW Jr." grounded on a sandbar in the Brownsville ship channel. Coast Guard officials boarded the shrimp boat and discovered approximately 3,652 kilograms of marijuana in the ship's fish hold.

Customs agents began a search for the crew of the abandoned shrimp boat. They located three individuals nearby, including the Petitioner, Arteaga-Rodriguez. The agents found Petitioner in possession of a loaded rifle magazine and further found a MAK-90 semi-automatic rifle near

where the Petitioner was encountered. Questioning of the Petitioner and the other two individuals revealed that they were in fact the crew of the "HW Jr."

A three-count indictment charged Petitioner with conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Cr. Doc. No. 1). Petitioner entered into a plea agreement with the government in which he would plead guilty to Counts 2 and 3. In accordance, the government would dismiss Count 1 and recommend a sentence at the low end of the sentencing guideline. Pursuant to the plea agreement, Petitioner agreed to waive his right to challenge his conviction or sentence on appeal. (Cr. Doc. No. 46). On April 4, 2002, Petitioner entered his pleas of guilty before the Honorable Hilda G. Tagle. (Cr. Doc. No. 45).

On July 2, 2002, Judge Tagle adopted the PSR findings and sentenced Petitioner within the guidelines range to 120 months for Count 2: possession with intent to distribute more than 1,000 kilograms of marijuana; and 60 months for Count 3: possession of a firearm in furtherance of a drug trafficking crime. (Cr. Doc. No. 69). Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii) ("No term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of . . . drug trafficking during which [a] firearm was used, carried, or possessed"), Judge Tagle ordered the sentences to run consecutively. (Cr. Doc. No. 69).

Despite the waiver in his plea agreement of his right to appeal his conviction, Petitioner filed

2

a notice of appeal on July 11, 2002. (Cr. Doc. No. 75). Petitioner argued that his guilty plea resulted from his trial counsel's coercion and further argued that the district court improperly ordered that the 60-month sentence imposed for the Count 3 conviction run consecutively. Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no non-frivolous issues to appeal. On the sentencing issue, Petitioner's counsel explained that the law is clear that 18 U.S.C. § 924(c) mandates a five-year imprisonment sentence to run consecutive to the sentence imposed in the underlying offense. Further, the plea agreement stated that "any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court." (Cr. Doc. No. 46). Petitioner's trial counsel thereafter filed a motion to withdraw based on the lack of any nonfrivolous issues for appeal.

On July 21, 2003, the Court of Appeals dismissed Petitioner's appeal on the ground that "independent review of the brief and the record disclosed no nonfrivolous issue in this direct appeal." (Cr. Doc. No. 105). The Court of Appeals also granted the motion of Petitioner's trial counsel to withdraw. (Cr. Doc. No. 106).

On March 15, 2004, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1). On March 28, 2005, this Court ordered the United States to file a response by May 31, 2005. (Doc. No. 8). This Court denied Petitioner's motion to have appointed legal representation in this proceeding on April 18, 2005. (Doc. No. 11).

## ALLEGATIONS

In his § 2255 Motion, Petitioner argues Ineffective Assistance of Counsel, alleging that: (1) trial counsel failed to mail copies of the case file that would assist Petitioner in litigating his § 2255 motion; (2) trial counsel induced Petitioner to plead guilty by advising him that he would only serve 120 months for both Counts 2 and 3; and (3) trial counsel did not adequately investigate the case, specifically in failing to request that fingerprints be lifted from the seized contraband aboard the "HW Jr." (Doc. No. 2).

## STANDARD

**A.**   <u>Standard of Review for § 2255 Motion</u>

Courts are entitled to presume that a convicted defendant who has exhausted or waived any rights to appeal "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982); *United States v. Shaid*, 937 F. 2d 228, 231 (5th Cir. 1991)); *Felipe Esquivel v. United States*, No. 05-CA-0100, 2005 U.S. Dist. LEXIS 15148, at *6 (D. Tex. 2005). Accordingly, habeas corpus relief under 28 U.S.C. § 2255 is reserved for a "narrow range of injuries" and violations of constitutional rights that could not be raised on direct appeal, and if left unchallenged would "result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F. 3d 585, 589 (5th Cir. 1996). A criminal defendant, therefore, bears the burden of establishing one of the following criteria, should he choose to seek habeas relief from his conviction pursuant to § 2255: (i) that the sentence imposed was a transgression of the Constitution or the laws of the United States; (ii) the court imposing the sentence lacked jurisdiction; (iii) the sentence imposed exceeded the maximum permitted by law;

4

or (iv) the sentence is otherwise subject to collateral attack. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

A district court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838, 106 S. Ct. 117, 88 L. Ed. 2d 95 (1985)).  A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *See James v. Cain*, 56 F.3d at 666 (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13, 96 S. Ct. 2253, 2257 n.13, 49 L. Ed. 2d 108 (1976)).  The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *James v. Cain*, 56 F.3d at 666 (citing *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988, 112 S. Ct. 1678, 118 L. Ed. 2d 395 (1992)).  If the record shows the defendant "understood the charges and its consequences," the Fifth Circuit will uphold a guilty plea as voluntary even if the district court failed to explain the offense. *James v. Cain*, 56 F.3d at 666 (citing *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987)).

Absent countervailing equitable considerations, a district court will not adjudicate claims formerly raised and rejected on direct review. *Irma Lorena Martinez-Guajardo v. United States*, No. 05-CA-0351, 2005 U.S. Dist. Lexis 22583, at *6 (D. Tex. 2005) (citing *Winthrow v. Williams*, 507 U.S. 680, 123 L. Ed. 2d 407, 113 S. Ct. 1745 (1993)).  Further, a collateral challenge may not be

5

used in the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). In other words, when a Petitioner has the opportunity to raise a constitutional issue on direct appeal and forgoes this opportunity, he may not preserve any such issues for collateral review. The exception to this rule is when a Petitioner can show cause for his procedural default and actual prejudice resulting from the error. Alternatively, the Petitioner may demonstrate that the constitutional violation has likely resulted in the conviction of one who is innocent. *Id*. at 232. The "cause" standard is satisfied when the Petitioner demonstrates "that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996).[1] Procedural bars are not applied to claims which could not be raised and adjudicated on direct appeal.[2]

**B.**  Standard of Review for Ineffective Assistance of Counsel

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

---

[1] The cause and procedure standard is a stricter standard than the plain error standard applied on direct appeal.

[2] Examples of such claims are claims for ineffective assistance of counsel.

6

> defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984). Thus, *Strickland* establishes a two-prong test for determining whether a criminal defendant has been denied effective assistance of counsel.

Under the first prong, to demonstrate that an attorney's performance was constitutionally deficient, the convicted defendant must show that counsel's representation fell below the objective reasonableness standard. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). The proper standard for evaluating counsel's performance under the Sixth Amendment is defined as "reasonably effective assistance." *Strickland*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). In other words, an error by counsel, even if professionally unreasonable, will not preclude a judgement in a criminal proceeding if that error in no way effected the judgment. *Strickland*, 466 U.S. at 691. Under the second prong, any deficiencies in counsel's performance must prejudice the defense to constitute ineffective assistance of counsel. *Id.* Ultimately, the convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

A convicted defendant must satisfy both prongs of the *Strickland* test. Consequently, a failure to establish one prong renders moot an examination of its counterpart. *See Strickland*, 466 U.S. at 700; *Ransom*, 126 F.3d 716, 721 (5th Cir. 1997); *Green*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead*, 37 F.3d 202, 210 (5th Cir. 1994). Thus, a defendant's failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot an examination of the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). Conversely, where there is an insufficient showing of prejudice, it is unnecessary to consider whether counsel's performance was deficient. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

In *Hill v. Lockhart*, the Supreme Court explained how the two-part[3] *Strickland* test for determining ineffective assistance of counsel should be applied in cases where a petitioner entered a guilty plea. 474 U.S. 52, 58-59 (1985). Under the interpretation of the *Strickland* test set out in *Hill*, a petitioner "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead*, 37 F.3d at 206. In order to show attorney error, a petitioner must establish that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 58-59. To satisfy the "prejudice" prong, a petitioner must affirmatively prove that "there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *Armstead*,

---

[3] (1) Deficient Performance and (2) Actual Prejudice. *Strickland*, 466 U.S. 668.

37 F.3d at 206. Thus, mere allegations of prejudice are not sufficient. *Armstead*, 37 F.3d at 206. Furthermore, the Court's determination of prejudice must take into account what the likely outcome of a trial would have been. *Id*. In *Lockhart v. Fretwell*, the Supreme Court further refined the test by requiring courts to determine whether counsel's deficient performance "caused the outcome to be unreliable or the proceeding to be fundamentally unfair," even in cases where a petitioner pleaded guilty. 506 U.S. 364, 372 (1993).

## DISCUSSION

I.  **Ineffective Assistance of Counsel**

   A.  <u>Motion Does Not State A Claim Upon Which Relief Can Be Granted Based on Counsel's Alleged Failure to Forward Case Files</u>.

Petitioner contends that his trial counsel has "failed to mail [to] Rodriguez copies of the legal documents he has requested, i.e., copies of his PSI, discovery, court transcripts, etc.," which he contends are prejudicial because "he will not be able to prepare and file a better motion pursuant to 28 U.S.C. § 2255." (Doc. No. 2, at 8). Petitioner does not offer any details about how or when he requested this information from his trial counsel, nor does he offer details of alternative efforts he made in obtaining the information, such as requesting copies of the pleadings from the district court. Petitioner did in fact make such a request of the district court, to which this Court responded, sending copies of the following documents on July 18, 2005: (i) Plea agreement, (ii) PSI report, (iii) Re-arraignment transcript, and (iv) Sentencing transcript. (Doc. No. 15).

The Supreme Court has held that "the constitutional right to counsel extends only through [a] defendant's first appeal." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (citing

*Coleman v. Thompson*, 501 U.S. 722, 755-57, 111 S. Ct. 2546, 2567-68, 115 L. Ed. 2d 640 (1991)). The Fifth Circuit granted the motion of Petitioner's counsel to withdraw from this case after dismissing the direct appeal. (Cr. Doc. No. 106). Therefore, because Petitioner has no constitutional right to counsel at the post-conviction stage, he cannot bring a claim for ineffective assistance of counsel based on the alleged conduct of withdrawn counsel at the post-conviction stage. This claim should thus be dismissed under the "effectiveness" prong because Petitioner had no constitutional right to counsel. *See Wainwright v. Torna*, 455 U.S. 586, 71 L. Ed. 2d 475, 102 S. Ct. 1300 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance). Accordingly, Petitioner's ineffective assistance claim based on counsel's alleged deficiencies during the preparation of his § 2255 motion must be dismissed.

      **B.**    <u>Motion Does Not State A Claim Upon Which Relief Can Be Granted Based on Allegations of an Inaccurate Statement Estimate</u>

Petitioner claims that he is entitled to have his guilty plea vacated because of his unverified allegation that counsel guaranteed to him "that the most he would get, if he pled guilty[,] would be 120 months." (Doc. No. 2, at 8). This claim is unsatisfied under both the "effectiveness" prong and the "prejudicial" prong of the *Strickland* analysis. A "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *See United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993); *see also Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990), *cert. denied*, 499 U.S. 940, 111 S. Ct. 1398, 113 L. Ed. 2d 454 (1991).

Further, even if an underestimation of the sentence could satisfy the "effectiveness" prong, Petitioner cannot show prejudice because he pled guilty having been fully informed by District Judge

Tagle of the potential maximum sentences for the crimes to which he pled guilty, each exceeding the sentences imposed upon him. Judge Tagle informed Petitioner at his plea colloquy of the sentences he was then facing for those crimes to which he was pleading. (Cr. Doc. No. 45). Petitioner faced a maximum of forty (40) years for Court 2: possession with the intent to distribute 1,000 kilograms or more of marijuana. *See* 21 U.S.C. § 841(b)(1)(B). Petitioner faced a sentence of not less than five (5) years for Count 3: possession of a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c). Thus, Petitioner pled guilty knowing he was facing a potential maximum sentence exceeding forty-five (45) years. He was sentenced to ten (10) years on Count 2, and five (5) years on Count 3 – for a total of fifteen (15) years. Petitioner's ultimate sentence was significantly less than the forty (40) year sentence Judge Tagle informed him he was facing for Count 2 alone. Given that he pled guilty with full knowledge of the potential maximum sentences he was facing, which far exceeded the sentence he received, Petitioner cannot show that he would have gone to trial but for counsel's inaccurate sentence estimation. *See United States v. Garcia*, 983 F.2d 625, 629 (5th Cir. 1993) (contention that defense counsel misinformed defendant about likely sentence is not sufficient to set aside guilty plea when trial court properly advised the defendant regarding the possible maximum sentence); *Gordon*, 4 F.3d at 1571 (given that the Defendant pleaded guilty even after being so informed by the court, his mere allegation that, but for original counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice); *Doganiere*, 914 F.2d at 168 (attorney sentence miscalculation does not result in prejudice where court had explained that it retained discretion as to what sentence would be), *cert. denied*, 499 U.S. 940, 111 S.Ct. 1398, 113 L. Ed. 2d 454 (1991). This well

established case law rejecting attempts to undo guilty pleas based on allegations that trial counsel did not correctly predict the possible sentence requires dismissal of Petitioner's claim.

      C.      Motion Does Not State A Claim Upon Which Relief Can Be Granted Based on Allegations of Insufficient Investigation

Petitioner alleges that his trial counsel erred by "not investigat[ing] the case further," and that such error was prejudicial to him because "at all times, he told his attorney that he was not involved, nor was a tripulant of the ship where drugs were found." (Doc. No. 2, at 8). Specifically, Petitioner alleges that counsel did not sufficiently investigate his case in that counsel "did not request[] that fingerprints be lifted from the illegal drugs found in the ship," and because counsel "failed to investigate [Petitioner's] allegation of his violation of the Vienna Convention" insofar as "he was not informed[] by law enforcement officials of his right to Consular access." (*Id*. at 8-9). The Supreme Court has explained that "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). Because Petitioner cannot show that either the fingerprint or consular access issues would have likely changed the result of trial and thus resulted in proceeding to trial rather than entering a guilty plea, Petitioner cannot establish ineffective assistance of counsel sufficient to satisfy a *Strickland* analysis.

A strong case of constructive possession existed against the Petitioner on the marijuana charge. Petitioner was part of a three-member crew of the shrimp boat "HW, Jr.," containing 3,652

kilograms of marijuana onboard. Because constructive possession is sufficient for conviction on the possession with the intent to distribute marijuana count, evidence indicating that the Petitioner's fingerprints were not on the seized contraband would not have been strong exculpatory evidence. *United States v. Flores-Chapa*, 48 F.3d 156, 162 (5th Cir. 1995) (proof of constructive possession is sufficient to prove knowing possession with intent to distribute; thus, any showing that the defendant exercised ownership, dominion, or control of the drugs, or of the premises on which they are found, will suffice).

As to the issue of consular access via the Vienna Convention, Petitioner has failed to satisfy the burden of proof and persuasion to show that he would have insisted on going to trial rather than pleading guilty had his counsel investigated such issue. *See Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987)). There is no suppression remedy for violations of the Vienna Convention, *see United States v. Jimenez-Nava*, 243 F.3d 192 (5th Cir. 2001) (the U.S. State Department has consistently taken the position that the Vienna Convention does not establish rights of individuals, but only state-to-state rights and obligations). It is therefore difficult to see how this issue could have affected the outcome of trial. Further, Petitioner does not allege nor explain how the exercise of his consular rights would have led him to proceedings to trial. Because there is no such allegation, and even if made, such allegation would face the "formidable barrier" that Petitioner declared under oath before Judge Tagle at the plea colloquy that he was knowingly and voluntarily pleading guilty, *United States v. Cervantes*, 132 F.3d at 1110 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1628-29, 52 L. Ed. 2d 136 (1977)) (solemn declarations in open court carry a strong presumption of verity, forming a formidable

barrier in any subsequent collateral proceedings), the court should dismiss this claim for failure to sufficiently satisfy the "prejudice" prong of the *Strickland* analysis.

**II.     Evidentiary hearing**

Petitioner contends that because of the nature of his claim in the present motion, he should be granted an evidentiary hearing to further prove his claims. 28 U.S.C. § 2255 provides that a petitioner is entitled to an evidentiary hearing on his motion unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. Rule 4(b) of the rules governing § 2255 proceedings in the U.S. District Court provides that a hearing need not be held if it plainly appears from the face of the motion that the petitioner is entitled to no relief.

In the instant case, the record is clearly adequate to dispose fairly of the Petitioner's allegations. Thus an evidentiary hearing is unnecessary. *See United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing; if the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further).

## RECOMMENDATION

A thorough review of all files, records, transcripts and correspondence relating to the judgment being challenged conclusively shows that Petitioner is not entitled to the relief sought. Accordingly, this Court **RECOMMENDS** that Petitioner's 28 U.S.C. § 2255 Motion be summarily **DISMISSED** and that the relief sought be **DENIED**.

**NOTICE TO PARTIES**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided

that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of June 2006.

_____
Felix Recio
United States Magistrate Judge