UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 3 2006

Michael N. Milby
Clerk of Court

Jose Lucas Arteaga-Rodriguez                                    Petitioner,

vs.                                                             MISC. No. B-04-007
                                                                (CR. No. B-02-059)

United States of America                                        Respondent,

                                                                Hon. Judge Hilda G. Tagle

OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION ON MOTION TO VACATE, SET
ASIDE OR CORRECT SENTENCE

NOW COMES, the Petitioner, Jose Lucas Arteaga-Rodriguez, and Pursuant to Fed. R. CIv. Rules 72(b), 28 U.S.C.A.§ 636(b)(1) and Rule 510(2) of the Local Rules for the United States District Court for the District of Puerto Rico, respectfully submits, the following objections to the Magistrates Report, and Recommendation, on the Petitioners, Habeas Corpus Motion to vacate, Set Aside, or Correct Sentence.

1. The Present Motion is not Procedurally barred

The Petitioner, Objects, to the Magistrates, JUdge's conclusions, tha his procedurally, barred in the instant habeas Corpus motion from challenging his sentence, under 18 U.S.C.§ 924(c)(1) (Section 924(c) "or" 924(c) (charge"), because he previously, attacked, this sentence, on Direct Appeal, purportely, on Substantially GROUNDS. While, as the Magistrate Judge States, "issues disposed, of on appeal, purportedly will not be reviewed again by way of a 28 U.S.C.A. § 2255, Motion, "Id., this rule requireis, that the issues, presented, on appeal, and in the Habeas Corpus motion be the same before, one acts, to operate, as a bar again the Other.

The issues presente, did this motion, or not identical to those presented, on DIRECT APPEAL. While the Petitioner, did attack the legality of his sentence, on Appeal, to the United States Court of Appeals, for the Fifth Circuit, he did not contend that he was Denied his Sixth Amendment right to effective assistance of Counsel at sentencing. Indeed, the Fifth Circuit has held, that the Proper Forum to address Ineffective Assistance, of Counsel, claims, is a Collateral Proceedings under Section, § 2255, not on Direct Appeal. U.S. V. Cofske, 157 F.3d 1, 2 (1st Cir. 1998), Cert. Denied, 526 U.S.1059, 119 S.CT. 1374, 143 L.Ed.2d 533(1999); U.S. v. Tuesta-Toro, 29 F.3d 771, 776, 39 Fed.R. Evi. Serv. 1201 (1st Cir.1994); U.S. v. Jadusingh, 12 F.3d 1162, 1169-70 (1st Cir. 1994). Because, the Issue of Counsels effectiveness has not been and could not be previously, adjudicated, there is no legal Bar to being considered, under the PRESENT MOTION, as this to amend, or to Supplemental brief.

Nor can it properly, be concluded, that the First Circuits Decision, in some Manner, acts, as an ESTOPPEL. ON the Issues, RAISED therein, as the Magistrates, Report and Recommendation, seems to imply. Simply put, this Court, and the Court, of Appeals, have never been had the opportunity to address the Issues, presented, herein because they were never raised by petitioner, trial counsel, and petitioner, was not provide counsel, to present them on appeal."

In the fact, of the Sentencing count's Determinating. that adequate evidence, existed, to sentence, the Petitioner, for aiding and abetting a § 924(c), violation, because, he engaged, in a conspiracy with other individuals, and one, or more, of those individuals, Carried a weapon the petitioners, counsel failed, to object to the legal Standard, applicable to the Petitioners, charges, applied by this Court. Counsel did not claim that this Court was applying the incorrect standard nor argue, that the government had the burden. to prove that the Petitioner, knew to a " PRACTICAL CERTAINITY," that a firearm would be used, during the conspiracy. Furthermore, Counsel did not request an EVIDENTIARY HEARING to compel the Government to produce evidence, of the "PRACTICAL CERTAINITY" requirement. Therefore by virtue of Counsel Ineffectiveness, this Court was never, asked, until the motion now pending before, it, to reach a decision, about the Propriety, of holding an EVIDENTIARY HEARING OR the Correct legal STANDARD to apply to the Petitioner, conduct. The Magistrate Judge failed, to recognize, this significancant different, between the Nature, of this case, now, and at the time it was on DIRECT APPEAL.

2

Similarly, the Fifth Circuit never addressed iether issue, on **APPEAL, Because the** issues, werenot Presented in the Record, before the Fifth Circuit, nor in the Petitioners Pro se Brief. The Fifth Circuit was never asked, to resolve the conflic between the Precedent set forth in <u>U.S. v. Ramirez-Frrer</u>, 82 F.3d 1149, 1152 (1st Cir.1996) (allowing a defendant to be convicted, for aiding and abetting a § 924(c), Violation based on a **PINKERTON-Type Theory, of liability)**, and that articulated, in <u>**SPINKEY**</u>, and <u>Torres</u>, (requireing the government to prove that the defendant KNEW **to a "PRACTICAL CERTAINITY"** that firearms, would be used during the course of the conspiracy). <u>Spinkey</u>, 65 F.3d at 238; <u>TORRES</u> 14 F.3d at 103. The record from the sentencing proceedings, presented no discussion on this **Critical issue because we** .... "Counsel Ineffectively Failed to Raise it.

(T)he Petitioners Brief, IS VOID of any mention, for the <u>SPINKEY</u>, while this is very close......the Courts, seem to think....that the Evidence, clears, the notice of "LIKELYHOOD HURDLE"...while "FACTS" point elsewhere. 'Thhe Courts, analysis builds on the HUMAN Condition. Jurors... "are not expected, to ignore what is PERFECTLY Obvious, "<u>ECHEVERRI</u>, 982 F.2d at 679, but, rather," to take full advantage, of their Collectively experience, and common sense. "O'<u>BRIEN</u>, 14 F.3d at 708. These Circumstances, seem.... "To the Courts"....to sustain a finding that Spinkey, was on notice that Petitioner, likely, would tote a gun in the courts, of the upcoming robbery. See: <u>Grubczak</u>, 793 F.2d at 464....that Now the Courts.......Hold mistic' Powers....

The only mention of <u>Torres</u>, is a single sentence, Stateing; "[o]f course, knowledge that a Gun would be carried, is also required," and, regrettably, this was an incorrect description, of the Holding in <u>Torres</u>. <u>Torres</u> did not hold mere knowledge, is required, but rather that the knowledge... "must be at "PRACTICAL CERTAINITY".... 14 F.3d at 103. Because the Fifth Circuit was never presentedd, with the conflict among its precedents, it never resolved, nor even considered, the issue. Accordingly, the Fifth Circuit decision, cannot act, as a bar to this Courts consideration, of the Petitioners, present motion. It is trial counsels **INEFFECTIVENES** coupled, with the **Failure to Appoint Petitioners "Appellate Counsel"**.....**that resulted,** in the Fifth Circuits failure to address these pivotal issues.

Moreover, the Fifth Circuits, decision on the Petitioners, direct Appeal, **Does NOT FORECLOSE THE Motion because of the INADEQUACY OF THE Record before, this Court,**

3

and the Fifth Circuit when the Matter was initially addressed. United States v. Butt, 731 F.2d 75, 76 (1st Cir. 1984). In Butt, the defendant appealed, the District Courts denial of his § 2255 motion, Challenging the COMPETENCY OF HIS RETAINED COUNSEL AND ASSERTING A VIOLATION OF THE PLEA Bargain. Id. The Government argued, that the Defendants motion was foreclosed, because, these same issue were argued, and ruled, upon in the Defendants Prior POst-conviction motion to reduce his sentence under FED.R. Crim. § 35. Id. The Fifthe Circuit, howevr noted, that neither the Defendant nor the Government presented the District Court with Sworn statements, at the RULE 35 Hearing, and accordingly, the Decision of the District Court on the RULE #% MOTION COULD NOT BE CONSIDERED on the Adjudication, on the MERITS· Id, at p. 76. 1. Therefore, the Fifth Circuit found that the Defendants § 2255 Claims were not foreclosed, even though the issues, had been raised, before. Id.

Mr. Arteaga, he also add another objection in the duplicity count 2, and 3 on the indictment of information, and to the sufficiency of the evidence because there is insufficienct evidence to convict him for the drugs and with the firearms, Governments presuption. Count 3 it is an duplicitious counts from one another one. In Bailey interprete the "Use" of a firearm in 18 U.S.C.§ 924(c)(1) to means the "Active Employment of Firearm." 51 U.S. at 144, 116 S.CT. 501.

First, since Public Law 80-772 was never enacted into positive law, then all statutes attached thereto, including 18 U.S.C.§ 3231, were never enacted into positive. Therefore, since 18 U.S.C.§ 3231 gave the Federal Courts Jurisdiction over Defendants in the prosecuted him, and the sentence him to the federal sentence under 21 U.S.C.§ 841(a)(1), or (b). On June 20, 2006 Mr. Jose Lucas Arteaga-Rodriguez, received it the denied from the Court order June 20, 2006, denied his 28 U.S.C.§ 2255 Motion, and Mr. ARTEAGA then received it this judge orders on June 29,2006 indicatting to him that he have 10 days to filed his writing ojctions to the Report and Recommendation of the Magistrate Judges, factual factfinding. See, Reg. No. 7005- 2570-0000-0440-8172.

Similarly, because, the Fifth, in the Case at bar denied, the Petitioners Appeal based solely, on its determination that a co-conspirators, carried a firearm and the Petitioner admitted to being one, of Co-Conspirators in the Drug Trafficking offense, without any evidence, on the record, sworn, and unsworn, that the Petitioner knew to a "PRACTICAL CERTAINTY" that the Co-Conspirators would carry firearm, its Decision should not be considered, an adjudication, on the Merits.

Perhaps, most significantly, as set forth in Greater detail below, the Petitioner, was UNCONSTITUTIONALLY denied, the Assistance, of Counsel....ON DIRECT APPEAL. Proceeding without counsel, the Petitioner not surprisingly, lost the Direct Appeal, of his sentence, in the Fifth Circuit. It was not until review of his case by the Undersigned Counsel, that Petitioner, recognized, that his trial counsel...INEFFEC--TIVELY REPRESENTED HIS INTERESTS AT THE SENTENCING hearing, by failing to present to this court the law applicable to his case, and by Failing to request an EVIDENT-IARY HEARING to Challenge, the Quality to This Court the law, applicable to this case, and by failing to request, AN EVIDENTIARY HEARING TO CHALLENGE THE Quality of the Governments EVIDENCE ON The 924(c) Charge. The Petitioner now seeks to challenge his sentence, in the Present motion, based on the FACT, that he was denied, effective assistance of COUNSEL. ACCEPTANCE OF THE MAGISTRATE JUDGE'S CONCLUSION, that the Petitioner, is barred from challenging counsel actions, because, the Petitioner, already attacked his sentence, on Direct Appeal would result in a violation, of PETITIONERS CONSTITUTIONAL PROTECTED RIGHT TO PROCEDURAL DUE PROCESS. By failing to prove the Petitioner, with the Assistance, of Counsel........to Adequate defend his interests, on direct appeal.......and then____refusing to allow him to challenge, Trial counsels Actions, in the Present habeas corpus motion, the Petitioner would lose the opportunity to EFFECTIVELY TEST THE LEGALITY OF HIS SENTENCE.____
The Petitioners, Claims, are NOT PROCEDURALLY Barred, and this Court is respectfully urged, to reject the Magistrate Judge's Recommendation.

## 2. THE FIFTH CIRCUITS DECISION DID NOT "VALIDATE" TRIAL COUNSELS ACTIONS

The Petitioner objects, to the magistrate judge's Determination, tha the Fifth Circuit Court opinion, in way validates, the Concut of the Attorneys at the Petitioners at the Petitioner, sentenceing, given that; (1) it specifically states, that the evidence, was sufficient to uphold guilty plea relative to the firearms count of the indictment and (2) it found the District Courts definition, of he "AIDING AND ABET-TING"... charge to be appropriate." In order for this Conclusion, to have any merit, the Fifth Circuit would have had to address the issues , now before, this Court, and for the reasons, discussed, a above, it did not. This Court need, not speculate

5

on how the Court of Appeals, would have ruled, if it had properly, been presented, with the issues now at bar. Rather, this Court should take a fresh view, of the Issues, unifluenced, by the Fifth Circuits Decision.

### a DEFINITION OF AIDING AND ABBETTING

The Petitioner, he was charged, with Aiding and Abetting the Use, and Carrying of a firearm during the Commission of a drug trafficking crime, 18 U.S.C.§ 924(c). To sentence him on that charge, the Government had to prove, by a Preponderance of the Evidence, that the Petitioner, knew to a "PRACTICA CERTAINITY" that one other individual would be using a weapon during the Commission of the Drug Trafficking offense. BALSAM, 203 F.3d at 83; SHEA , 150 F.3d at 50. SPINKEY, 65 F.3d at 238; TORRES, 14 F.3d at 103; "PRACTICAL CERTAINITY" is a rubric tha calls, for proof, verify on actual knowledge." SPINKEY, 65 F.3d at 238.

This Mens Rea requirement for aiding and abetting a § 924(c) violation is much higher than that for co-conspirator liability under the now familiar PINKERTON Stadard. See, PINKERTON .v United States, 328 U.S. 640, 647-48, 66 S.CT. 1180, 90 L. Ed. 1489 (1946). Under PINKERTON a defendant will be guilty of violation § 924(c).... IF IT WAS REASONABLY FORESABLE that the Defendants co-conspirator would use or carry guns, in furtherance, of the conspiracy. See SHEA: 150 F.3d at 50. Because the Petitioner, was accused, of Aiding and Abetting, a § 924(c), violation, more than reasonable foresability was required. The Government had the burden of establishing that the Petitioner, had actual knowledge, and that he knew to a **"PRACTICAL CERTAI-TY"** that firearms would be used, during the commission, of the Drug Trafficking offense not merely, that the use, of firearm, was reasonable, foresable. See Id., S P I N K E Y , 65 F.3d at 238.

In the Fifth Circuit opinion, on the Petitioners Direct Appeal, of his guilty plea and sentence, the Court relied, on the Standard for aiding and abetting articulated in **United States v. Ramirez-Ferrer, 82 F.3d at 1149 (1st Cir. 1996). In Ramirez-Ferrer, the court noted, that "either defendant may be convicted, of "ADING AND ABETTING"**....if one defendant is found to have carried, a firearm in violation, of Section § 924(c), and if the Evidence, is sufficient to Infer that the other defendant aided and abetted, this Conduct." **82 F.3d at 1152.**.Using this Standard, the Fifth Circuit affirmed, the Petitioner guilty plea to the Section § 924(c)Count.

6

The Court held, that because, it found that Witnesses a Co-defendant in the Same Indictment, carried firearm within the meaning of § 924(c)(1)," the Petitioners admitted status, as Witnesses, Co-conspirator in the drug trafficking offense is sufficient to uphold his gilty plea to the Firearm count under **Ramirez-Ferrer."**

**The Ramirez-Ferrer, Standard, applies aiding and abetting liability merely, because, a defendant is a co-conspirator, without involving into the Defendant's MENS REA at the time of the Commission, of the Crime. In that senses, it requires, no more than the PINKERTON, Standard......Nowhere in the Fifth Fifth Circuits Opinion does the Court examine, whether the Petitioner** knew to a **"PRACTICAL CERTAINTY,"** that a firearm would be used, during the Substantive offense. Without this analysis, the First Circuits Decision IS **INCONSISTENT with the Standard articulated, in SPINKEY, and** Torres, pre Ramirez-Ferrer, **Cases, and later adopted in SHEA and BALSAM, post** Ramirez-Ferrer, **DEcisions.**

The Panel deciding Ramirez-Ferrer, **Simplied, an INCORRECT STANDARD¶ In that case, the defendants** were convicted, of aiding and abetting each other in "KONWINGLY AND WILLFULLY, and intentionally, possessing [and Carrying] a firearm. **Ramirez-Ferrer, 82 F.3d at 1151. AS DISCUSSED, ABOVE, THE COURT "NOTE[D] IN PASSING" THAT** to convict, the Defendants on a § 924(c) allegation, one defendant had to have to have carried a firearm and the other must have aide that conduct. Id, at 1152. The Court did not cite any authority for this proposition. Id, the Court then proceeded, to discuss the definition, of the term, "CARRY" as that would is used, in § 924(c) Id. at 1152-1154. The **Ramirez-Ferrer, Court, "FAILED TO APPLY THE REQUISITE "PACTICAL CERTAINTY" standard,** and indeed did not even acknowledge, **SPINKEY, required. IN THE CASE, AT BAR, THE FIFTH CIRCUIT, BY RELYING ON (RAMIREZ-FERRER, SIMILARLY, APPLIED AN IMPROPER STANDARD.**

### B. SUFFICIENCY OF THE EVIDENCE

The Fifth Circuit held, that "[b]ased on Witnesses carrying of firearm, we find, that the evidence is sufficient to support the Petitioner aiding and abetting the Carrying of Firearm." The magistrate judge determined, that this FINDING "IN A WAY" ....validated, the Action of the Petitioners Trial Counsel¶ However, the Fifth Circuit's finding that there was an adequate factual Predicate FOR THE Petititioners sentence, was based solely on the Fact, that Co-conspirator carried a firearm and the Petitioner, was Witnesses, admitted Co-conspirator. The Fifth Circuit NEVER MADE IT NECESSARY INQUIRY INTO t h e Petitioners state of mind.

The Fifth Circuit NEVER EXAMINED AS IS REQUIRED BY LAW, whether the Petitioner knew to a PRACTICAL CERTAINTY," that firearms would used, during the course of the Conspirator. The formal used, by the Fifth Circuit applies, aiding and abetting liability merely, because, a Defendant is a co-conspirator as discussed, above, this PINKERTON-TYPE, standard of proof, is not appropriate when a Defendant is charge, with Aiding and Abetting a § 924(c), Violation SHEA, 150 F.3d at 50.

At the Sentencing hearing, the government offered, no live testimony, SWORN, affidavits or even allegations, that the Petitioner knew to a **PRACTICAL CERTAINTY** that firearms would be usedn during the conspiracy. The only evidence, on the record, that Purportedly, provides, a FACTUAL PREDICATE, FOR THE PETITIONER, aiding and abetting charge, is a sentence, in the Governments Statement, of Facts, attached, to the Petitioners, Plea Agreement, which states, that "DURING THE COMMISSION, OF these offenses, the Co-conspirators carried Firearm." However, these offenses, the co-conspirators carried, firearm." At sentencing, the Petitioner, specifically stated, that he "NEVER CARRIED, a weapon, nor did [HE] plan or request, that (ONE) be used." At the Rule 11, Hearing, the Petitioner, stated, that he "did not possess, any firears." **Furthermore, as discussed, above the mere fact, that a Co-conspirator carried firearmas, is not sufficient evidence, to sentence a defendant for aiding and abetting a § 924(c), Charge.**

The Absence, of a factual basis to sentence, the Petitioner, on the § 924(c), Charge particularly when viewed, inlight of the Petitioners, denials, virtualy compelled a request by the Petitioners Counsel, for an EVIDENTIARY HEARING, yet none, was requested. Such aactins, were Ineffective, BECAUSE, it is objectively, unreasonable for Trial counsel TO FAIL TO TEST THE ADEQUACY AND QUALITY OF THE EVIDENCE, against this client. Such failing prejudiced, the Petitioner, because, he was sentenced on the § 924(c) allegation. Furthermore, because, the Petitioner, was forced to proceed ON DIRECT APPEAL, (without counsel), he failed to adequately, PRESENT TO THE FIFTH CIRCUIT THAT THERE WAS INADEQUATE present to the Fifth Circuit that there was inadequate evidence, to sentence him on the § 924(c) Charge. Accordingly, the Fact, that the Fifth Circuit affirmed, the Petitioner, sentence, does not validate the Conduct, of the Petitioners Attorneys.

                                            3. **TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING. TO OBJECT TO THE LEGAL STANDARD EMPLOYED BY THIS COURT.**

In his Report, and Recommendation, the Magistrate Judge stated, that "[a]ssuming, Arguendo as Petitioner, states, in his Petition,.....that the Eleventh Circuit Court of Appeals simply applied, an improper standard of review when deciding his **DIRECT APPEAL**, it would be unfair for this Court to hold the attorneys actions, as **"INEFFECTIVE"** for not second-guessing the rulings, of the ELEVENTH CIRCUIT COURT OF APPEALS. "Essentially the MAGISTRATE JUDGE held, that because, in his opinion, this Court applied, relevant Eleventh Circuit Court of Appeals case law, at Petitioner, Sentencing Proceeding, the Petitioner's Trial counsel cannot be FOUND INEFFECTIVE FOR "FAILING" TO "SECOND GUESS" a holding of the Eleventh Circuit court of appeals...However, at the time of Sentencing on so recorded date, <u>Torres,</u> which was handed Down, on January 20, 1994, was the PROPER STANDARD to apply, when assessing whether a DEFENDANT, aided, and abetted a § 924(c), violation. **14 F.3d at 103.** (finding a defendant "must have known to a practical certainty that the principal would be using a gun"). <u>Ramirez-Ferrer,</u> which the Eleventh Circuit Court of Appeals found applied to this case, was not decided, until April 29, 1996. Accordingly, the Relevant case, law, at the time, of Sentencing was <u>Torres</u>, not <u>Ramirez-Ferrer</u>, **and therefore, the Government was required, to prove that the Petitioner, knew to a "PRACTICAL CERTAINTY," that firearms would used,** during the Conspiracy. However, at the Rule 11, Change of Plea Hearing, when the Court Stated, in sum that the Defendant will be GUILTY OF AIDING AND ABETTING A § 924(c) VIOLATION, IF HE OR SHE ENGAGED, IN AN ILLEGAL ACTIVITY WITH OTHER INDIVIDUALS, and one, or more, of those individuals carried, a weapon, trial counsel, DID NOT OBJECT, TO THE STANDARD, EMPLOYED, BY THIS COURT. Using this Courts, Formula, aiding and Abetting liability applies, merely, because, a Defendant is a Co-conspirator and it is not necessary to involve into the Defendants **MENS REA** at the time, of the illegal Conduct. In that sense, it requires no more, than a mere <u>PINKERTON-TYPE</u> Standard of Review.

However, as discussed, above, a **PINKERTON**, Theory, of liability for aiding and abetting is not the appropriate Standard in the contex, of a § 924(c), violation. **SHEA, 150 F.3d at 50.** Rather, courts, requires a much higher **MENS REA** requirement. Id. The Government had to establishs that the Petitioner, had "actual knowledge" and Knew to a **"PRACTICAL CERTAINTY"** that firearms would used, during the Commission of the Drug Trafficking offense. **SPINKEY, 65 F.3d at 238.**

When, the Petitioners, Counsel learned, at the Rule 11 Change, of Plea Hearing, that the Court was applying a <u>**PINKERTON-Type**</u> **Standard, of Liability, to the Petiti-**

oners, offense, they failed to object to the Use, of that standard and did not advise, this Court at sentencing of the "PRACTICAL CERTAINTY," requirement needed to establish that the Petitioner, aided and abetted a firearm change. The proper Standard had been articulated by the Eleventh Circuit of Courts of Appeals of the Apropriate legal rules at Sentencing, failure to do so substantially prejudice, the Petitioner because, the Court sentenced, him based, upon an imprpper legal Standard, VAVCOL, 916 F.Spp at 377.

### 4. THE STANDARD OF REVIEW APPLIED, BY THE ELEVENTH CIRCUIT WAS INCORRECT

The Magistrate Judge "REFUSED"....to "second guess" the Standard of review applied by the Eleventh Circuit Court of Appeals on the **PETITIONERS, DIRECT APPEAL.**, because, he found that the Court applied, relevant, binding case, law namely **Ramirez-Ferrer, TO THE FACTS** before, it. Any **"INCONSISTENCIES"** between the Elevent Circuit Court of Appeals cases, on the matter, the Magistrate Judge held, result "FROM THE FACTS that in some of the Case, law the Court is addressing the particular language, of Section § 924(c)(1), (in particular the "CARRY" prong, of the same), while in the other cases, it is analysingthe MENS REA prong of § 924(c) (which does not itself, contain specific language relative to said Element). "Assuming that this is true, the Eleventh Circuit Court of Appeals IPROPERLY APPLIED **Ramirez-Ferrer,** to the Petitioner, case because, as the Magistrate Judge notes, **Ramirez-Ferrer,** "discuss[es] the 'carry' **prong of 18 U.S.6.A. § 924(c)(1),** not "the issue, of PRACTICAL CERTAINTY" related, to the MENS REA of aiding and abetting of firearms violation" as addressed in **Spinkey, Shea, and TORRES.** Despite the Fact, that the Eleventh Circuit devoted, much of its opinion, to a Discussion, of the "CARRY" Prong, of § 924(c), the petitioner was not charged, with Directly, violating § 924(c), the Petitioner was charged, as an Aider and Abettor, in a § 924(c) violation. Therefore, the **PINKERTON-TYPE** liabilty imposed, under **Ramirez-Ferrer, was not the binding precedent, on the Eleventh Circuit Court of Appeals at the time, but rather the "PRACTICAL CERTAINTY"** Standard, of **SPINKEY, SHEA,** and **Torres,** should have been applied.

"Even, that Mr. Arteaga defense of counsel knew and he was aware that Mr. Arteaga, he were beated to death threatened him and forcing him to take plea of gilty." He just wanted to remain to the Courts that his plea agreement it is "Coerced", into signed, while he was also torturing him, at county jails, the records its indicates.Id.

### 5. THE MAGISTRATE JUDGE FAILED TO ADDRES THE FACTS THAT THE PETITIONERS, DUE PROCESS RIGHTS WEREVIOLATED WHEN HE WAS DENIED ASSISTANCE OF COUNSEL ON HIS DIRECT APPEAL

The magistrate Judge even failed, to address the Petitioner, argument that he is entitled, to have his sentence, on the § 924(c), Charge, Vacated, Set Aside, or Corrected because, he was Denied assistance of Counsel, on his direct appeal. This issue, is discussed, in the Plaintiffs SUPPEMENTAL MEMORANDUM, of LAW in support of Amendment to the Petitioner Prose  Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence, at page 21 through 27, and in Petitioner, Reply to the United States of America's Response, to Petitioners, motion to Vacate.sentence, under Sentence, § 2255 at Page 7 through 8. The Petitioner respectfully directs, this Courts Attention to those Sections, maintains, that the Due Process Clause, of the Clause of the **Fourteenth Amendment to the United States Constitutional Guaranteed, him effective assistance, of Counsel, on HIS DIRECT APPEAL, "AS RIGHT"** EVITS V. LUCEY, **469 U.S. 387, 396, 105 S.CT. 830, 83 L.Ed.2d 821 (1985). Effective Assistance, of Appellate** Counsel, is in many ways, more necessary than that of Trial counsel. Pro se Appellants, obviously, do not have the Wealth of knowledge of Reuired, JURISPRUDENCE  to effectively present appellate argument. The Petitioner, never, waived, this Rights nor invoked **his right to self-representation¶** Farretta v. California, 422 U.S. 806, 835, 95 S.CT. 2525, 45 L.Ed.2d 562 (1975). Nevertheless, Counsel, was never APPOINTED FOR HIM **and he was "FORCED" to proceed "PRO-SE." AS a result the Petitioner "FAILED TO ADEQUATELY PRESENT THE RELEVANT ISSUES TO THE ELEVENT Circuit Court of Appeals, Due "TOTALLY" to the WANTON GROSS ABUSE OF DISCRETION" by the Trial Court, and Court of Appeals of Eleventh Circuit, to Totality of Circumstances absent all Justifications, on his Appeal, as is Recorded to be mandated, to an EN BANC Hearing, and on to the United States Supreme Court, for Sactions to the Lower courts. The Siggnificant prejudice suffered, by the Petitioner as a result** of This Due Process Violation, is readily apparent. The Eleventh Circuit Court of appeals decision, on Direct Appeal, in Which the Petitioner unrepresented, is being erected, as an obstacle to a review, of the substantive issues, presented, in this motion. Had the Petitioner, received, the counsel to which he was entitled, on DIRECT APPEAL, it is submited, that a very different, Eleventh Circuit Court of Appeals, opinion, would have been rendered, and, at a minimum, the Court of Appeals,

11

would have had the opportunity to resolve, either issues, now before, this court. THEREFORE, the Petitioner, ask this Honorable Court to Grant this objections as this court requested on June 20, 2006 and on the denial of Mr. Arteaga § 2255 Motion., and granting him rlief that it is sought by the Court, for the best interest of Justice, and give to him his relief that he is requesting. **Otherwise, he is stated THAT:**

**YOUR PUBLIC POLICY SAID:** PUBLIC POLICY IS THE PRICIPLE OF LAW WHICH PROVIDES THAT PARTIES CANNOT AGREE TO DO ANYTHING WHICH HAS A TENDECY TO BE INJURIOUS TO THE PUBLIC OR AGAINESS THE PUBLIC GOODS.

## CONCLUSION

Based on the objections, set forth herein, as Well as the Arguments and Authorities, presented, in the Petitioner, prior filings, with this Court, the Petitioner Respectfully requests, that this Honorable Court to reject, the Magistrates Report, and Recommendation, grant the Petitioner AN EVIDENTIARY HEARING, ON THIS MOTION,(if this Court deems one necessary); and grant the Petitioner, Motion to Vacate sentence, Under Section, § 2255. In the Alternative, this Court us urged, to Remand, the matter to the Magistrate Judge to make further findings, and/or immediate release, to and of Petitioner, by complete Vindication, of Petitioner, of any and all Allegations so drafted, by THIS IMMEDIATE RELEASE,AND FOR ANY OTHER AND ALL FURTHER CONSIDERATIONS TO BE MADE FOR HIS DEPORTATION TO HIS OWN COUNTRY AS IT MEXICO AVAILABLE. Dated, July 6, 2006.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been set this 6th day of July 2006 by placing the same in the United States Mail, first class postage prepaid and addressed to:

United States Assistant Attorney
United States District Clerk
U.S. Federal Building & Courthouse
600 E. Harrison, # 101
Brownsville, TX 78520

S/ *Jose Lucas Arteaga R*.
Jose L. Arteaga-Rodriguez
# 11782-179   Pro se
FCI P.O BOX 9000
Forrest City, AR 72336